**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| TRACI SHAW, | : |
| Plaintiff, | : Case No. 2:23-cv-942 |
| -vs- | : **Judge James L. Graham** |
| RICHARD WOZNIAK, *et al.,* | : **Magistrate Judge Elizabeth P. Deavers** |
| Defendants. | : |

**MOTION OF DEFENDANT CITY OF COLUMBUS FOR JUDGMENT ON THE PLEADINGS AND DEFENDANT RICHARD WOZNIAK'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Now comes Defendant City of Columbus (the "Defendant"), by and through its counsel, pursuant to Federal Rule of Civil Procedure 12(c), and respectfully moves this honorable Court for judgment on the pleadings as to all claims against it. Defendant Richard Wozniak moves for partial judgment on the pleadings as Plaintiff's civil conspiracy claim is barred by the intracorporate conspiracy doctrine. A Memorandum in Support is attached hereto and incorporated by reference.

Respectfully submitted,

*/s/Alexis R. Pannell*
Molly R. Gwin (0088189) – Trial Attorney
Michael S. Loughry (0073656)
Charles Schneider (0005821)
Alexis R. Pannell (0102946)
ISAAC, WILES & BURKHOLDER, LLC
Two Miranova Place, Suite 700
Columbus, Ohio 43215
P: 614-221-2121 | F: 614-365-9516
mgwin@isaacwiles.com
mloughry@isaacwiles.com
cschneider@isaacwiles.com
apannell@isaacwiles.com
*Attorney for Defendants*

**MEMORANDUM IN SUPPORT**

I. **APPLICABLE STANDARD**

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard of review for judgment on the pleadings under 12(c) is the same as that used to address a motion under Rule 12(b)(6). *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001).

The Rule 12(b)(6) standard permits dismissal where the pleader fails to allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A pleading will satisfy the plausibility standard "when the pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bhan v. Battle Creek Health Sys.*, 579 F.App'x 438, 442 (6th Cir.2014), see *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to probability but it 'asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 556.

Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

To determine whether a pleading meets the Rule 12(b)(6) – and therefore the Rule 12(c) – standard, "the Court must 'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Battle Creek Health Sys,* at 442, quoting *Bassett v. NCAA*, 528 F.3d 426, 530 (6th Cir.2008).

However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory

2

statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint;" a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F.App'x 628, 632 (6th Cir.2012); *Iqbal*, 556 U.S. at 679.

In accordance with *Battle Creek Health Sys., Iqbal*, and *Twombly*, Defendants accept as true the allegations of Plaintiff's Complaint, solely for the purpose of this Motion and without otherwise conceding same. Defendant City of Columbus hereby moves this Honorable Court for Judgment on the Pleadings in full as Plaintiff has not alleged sufficient facts to state a facially plausible claim against it, as is more fully set forth herein. Additionally, Defendant Richard Wozniak moves this Honorable Court for Judgment on the Pleadings with regard to Plaintiff's state law conspiracy claim, as it is barred by the intracorporate conspiracy doctrine.

## II.     STATEMENT OF RELEVANT ALLEGATIONS

Plaintiff alleges that she sustained damages of extreme emotional distress, lost wages, and other financial losses due to Defendant Richard Wozniak's ("Wozniak") conduct in investigating and later filing criminal charges against her. Complaint, Doc. 1, ¶ 55-56, 60-62, 66, 73-74. Plaintiff identifies both Defendant Wozniak and Defendant City of Columbus in the caption; however, she does not otherwise allege specific claims against Defendant City of Columbus at all aside from Count Ten: Civil Conspiracy Under State Law. See Complaint, generally.

The Complaint only alleges claims against Defendant Wozniak and provides only a cursory mention of Defendant City of Columbus. *Id*. at ¶ 7, 78, 142-144, 155-156, and 159. Specifically, Plaintiff alleges that "Wozniak was acting under the color of law when he wrongfully and without

3

legal justification subjected Plaintiff to unreasonable seizure and malicious prosecution, depriving her of liberty and due process of law" giving rise to a 42 U.S.C. § 1983 claim. *Id.* at ¶ 84-86.

Plaintiff, however, alleges no specific claims against Defendant City of Columbus. Plaintiff does not even attempt to allege that any policy, procedure, or custom of the City of Columbus was a moving force behind any constitutional violation. *Id.*, generally. Rather, Plaintiff states that there were no guidelines, policies, or procedures in place regarding the investigations. *Id.* at ¶ 51.

### III. LAW AND ARGUMENT

#### A. Plaintiff fails to state a claim against City of Columbus, Ohio.

Plaintiff sues Defendant City of Columbus, which is a municipal corporation organized and operated under the laws of the State of Ohio. "A plaintiff who sues a municipality for a constitutional violation under § 1983 must prove that the municipality's policy or custom caused the alleged injury." *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir.2006) (citing *Monell v. Dep't of Soc. Servs*, 436 U.S 658, 690-691, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978)). In *Monell*, the Supreme Court held that municipalities are "persons" subject to suit under § 1983. 436 U.S. at 700-701. However, such a claim may only be brought when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. The Sixth Circuit has instructed that, to satisfy the requirements of *Monell*, a plaintiff "must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir.1993) (internal citations and quotations omitted).

Accordingly, to succeed on a *Monell* claim, a plaintiff first must allege that the municipality itself caused a constitutional tort. *Monell*, 436 U.S. at 691. "A municipality cannot be held liable

4

solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Second, a plaintiff must show that the alleged conduct qualifies as a policy. *Monell* municipal liability may attach where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. *Monell* liability may also attach where a plaintiff alleges "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Id.* at 690-691. A plaintiff must claim that "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Jones v. Oakland Cty. Govt.*, E.D. Mich. No. 17-10139, 2018 U.S. Dist. LEXIS 41034, at *10 (Feb. 16, 2018). Third, a plaintiff must show causation. In other words, a plaintiff must connect the policy to the particular injury alleged. *Id*.

In this case, Plaintiff does not sufficiently plead her case against the City of Columbus. Plaintiff's Complaint does not allege a specific policy or custom nor does it causally connect the execution of an identified policy or custom with an alleged injury. "[A] complaint must contain more than bare statements that the alleged constitutional violation was caused by a policy or custom to survive a motion to dismiss. 'Plaintiffs are in fact required to identify the practice or policy that forms the basis of their claim.'" *Vidal v. Lexington Fayette Urban Cty. Gov't*, E.D. Ky. No. 5:13-117-DCR, 2014 U.S. Dist. LEXIS 124718, at *3 (Sept. 8, 2014), quoting *Ghaster v. City of Rocky River*, N.D. Ohio No. 1:09 CV 2080, 2010 U.S. Dist. LEXIS 71020, at *7 (May 12, 2010). In *Vidal*, the court dismissed the *Monell* claim because the plaintiff provided only naked assertions without any factual enhancement. *Vidal*, at *4. The Court in *Vidal* held that the complaint in that

case lacked any assertions that "would raise a plausible inference of wrongdoing against the [municipality]." *Id*.

Here, Plaintiff's allegations are insufficient to withstand a motion for judgment on the pleadings. Based upon a reading of Count One of Plaintiff's Complaint, the only count that asserts a § 1983 claim, it does not appear that Plaintiff has even attempted to assert a *Monell* claim in her Complaint. See Complaint, generally. Plaintiff also does not even attempt to identify any practice or policy of City of Columbus to connect to any constitutional injury. Therefore, to the extent Plaintiff is attempting to pursue a *Monell* claim against Defendant City of Columbus, it fails as a matter of law.

### B. Plaintiff's conspiracy claim against The City of Columbus is barred by the intracorporate conspiracy doctrine.

The only cause of action clearly stated against The City of Columbus is Count Ten for civil conspiracy under state law. The intracorporate conspiracy doctrine bars that claim as all alleged conspirators are an entity, in this case The City of Columbus, and an employee of the entity, in this case Richard Wozniak. The intracorporate conspiracy doctrine states that conspiracy claims are barred where two or more employees are alleged to have been acting within the scope of their employment when they allegedly conspired together to deprive the plaintiff of her rights. *Jackson v. City of Cleveland*, 925 F.3d 793, 818 (6th Cir.2019). Where all defendants as alleged co-conspirators are members of the same collective entity, there are not two separate "people" to form a conspiracy. *Smith v. GE Aviation*, S.D. Ohio No 3:10-cv-013, 2011 U.S. Dist. LEXIS 79278, *6 (May 13, 2011). The intracorporate conspiracy doctrine follows the legal definition of "person," which includes local governments. *Jackson*, at 819. This doctrine has been applied to the Ohio common law claim of conspiracy as is claimed in Plaintiff's Complaint. *Smith*, at *5; see Complaint, generally.

6

Here, there is no dispute that Richard Wozniak is an employee of the City of Columbus. Further, Plaintiff claims in Paragraph 144 of her Complaint that Defendant Richard Wozniak was hired by the City of Columbus to "investigate the complaints deemed potentially criminal by the committee." see Complaint, Doc. 1, ¶ 144. Therefore, not only does Plaintiff agree that the Defendants are members of the same legal entity but also acting within the scope of their employment. For the foregoing reasons, Plaintiff's conspiracy claim is barred by the intracorporate conspiracy doctrine.

## IV. CONCLUSION

For the foregoing reasons Defendant City of Columbus respectfully requests that this Honorable Court grant its Motion for Judgment on the Pleadings and dismiss all claims pending against it, and Defendant Richard Wozniak requests this Court grant him Judgment on the Pleadings with regard to Plaintiff's claim for civil conspiracy.

Respectfully submitted,

*/s/Alexis R. Pannell*
Molly R. Gwin (0088189) – Trial Attorney
Michael S. Loughry (0073656)
Charles Schneider (0005821)
Alexis R. Pannell (0102946)
ISAAC, WILES & BURKHOLDER, LLC
Two Miranova Place, Suite 700
Columbus, Ohio 43215
P: 614-221-2121 | F: 614-365-9516
mgwin@isaacwiles.com
mloughry@isaacwiles.com
cschneider@isaacwiles.com
apannell@isaacwiles.com
*Attorney for Defendants*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

>  */s/ Alexis R. Pannell*
>  Alexis R. Pannell (0102946)
>  *Attorney for Defendants*

4878-5416-9191.1