# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| TRACI SHAW, | : | |
| | : | |
| Plaintiff, | : | CASE NO.: 2:23-cv-942 |
| | : | |
| vs. | : | JUDGE GRAHAM |
| | : | |
| RICHARD WOZNIAK, *et al.*, | : | MAGISTRATE JUDGE DEAVERS |
| | : | |
| Defendants. | : | |

## NOTICE OF INTENT TO ISSUE SUBPOENA

Pursuant to Rule 45(b)(1) of the Federal Rules of Civil Procedure, **PLEASE TAKE NOTICE** that Plaintiff intends to issue the attached subpoena to Mr. Willard McIntosh on March 6, 2024. All parties' attorneys of record in the above-captioned matter are hereby provided sufficient notice to object to the above-referenced subpoena in accordance with Rules 45 and 5 of the Federal Rules of Civil Procedure. All documents received in response to the subpoena will be made available to defendants' counsel for inspection and copying promptly upon receipt of any response to the subpoena. All counsel of record were simultaneously served unredacted copies of the attached subpoena.

Respectfully submitted,

/s/ David A. Goldstein
**DAVID A. GOLDSTEIN (0064461)**
**DAVID A. GOLDSTEIN CO., L.P.A.**
511 S. High Street, Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899(Fax)
dgoldstein@dgoldsteinlaw.com
Attorney for Plaintiff Traci Shaw

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been sent by electronic mail this 6th day of March 2024 to **Molly Gwin, Esq., Michael Loughry, Esq., Charles Schneider, Esq.,** Attorneys for Defendants.

*/s/ David A. Goldstein* _
**DAVID A. GOLDSTEIN (0064461)**
*Attorney for Plaintiff Traci Shaw*

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| TRACI SHAW <br> *Plaintiff* <br> v. <br> RICHARD WOZNIAK, et al. <br> *Defendant* | ) ) ) ) Civil Action No. 2:23-cv-942 ) ) ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Willard McIntosh ███████████████

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Isaac Wiles <br> 2 Miranova Place, Suite 700 <br> Columbus, OH 43215 | Date and Time: <br> Wednesday, April 10, 2024 <br> 12:30 PM |
|---|---|

The deposition will be recorded by this method: Video and Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/06/2024

CLERK OF COURT

OR

_____     /s/ David A. Goldstein
Signature of Clerk or Deputy Clerk         Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Traci Shaw
David A. Goldstein 511 S High St, Ste 200, Columbus, Ohio 43215       , who issues or requests this subpoena, are:
dgoldstein@dgoldsteinlaw.com 614-222-1889

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:23-cv-942

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## "EXHIBIT A"

## **DEFINITIONS**

The word "<u>document</u>" or "<u>documents</u>" refers to any printed, written, taped, recorded, graphic, emails, computerized print-out or other tangible matter, from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received, or neither, including, but not limited to, the original, a copy (if the original is not available) and all non-identical copies (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, cables, telexes, contracts, proposals, agreements, minutes, acknowledgements, notes, memoranda, analyses, projections, work papers, books, forecast or appraisals, papers, records, reports, diaries, statements, questionnaires, schedules, computer programs, computer disks, books of accounts, calendars, graphs, charts, transcripts, tapes, transcripts or recordings, photographs, pictures or film, video tape, ledgers, registers, worksheets, summaries, digest, financial statements, and all other information or data, records or compilations, including all underlying, supporting or preparatory material now in your possession, custody, or control, available to you, your counsel, accountants, agents, representatives, or associates. The term "document" or "documents" as used herein shall be defined to the broadest extent permitted by Civil Rules and shall include, without limitation, any and all records, data, correspondence, e-mails, memoranda, notes, letters, telegrams, telex communications, calendars, planners, summaries or records, summaries of telephone conversations and/or personal conversations or interviews, diary entries, drawings, sketches, graphs, charts, interoffice documents, or copies of any of the foregoing, and any and all other written, printed, typed, handwritten, recorded, transcribed, punched, taped, filmed, or graphic material of any kind or nature including all drafts, copies, or reproductions thereof and any

information stored in computers, electronic personal data assistants ("PDA's"), handheld devices, telephones, or other data storage or processing equipment, translated or translatable into usable form in the possession, custody, or control of any one or more of the Defendants or their attorneys, accountants, tax preparers, employees, agents, or other representatives. "Document" or "documents" also includes all drafts and copies that are not identical with the original, such as those bearing markings, comments, or other notations not present on the original. "Documents" or "documents" specifically includes documents kept by individuals in their desks, at home or elsewhere.

1. "Electronically stored information" shall mean, in accordance with Federal Rule of Civil Procedure 34, any documents, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2. The term "communication" or "communicate" includes or requests information relating to all oral communications and "documents" (as hereinabove defined), whether or not any such document, or the information contained therein, was transmitted by its author to any other person.

3. "You" and "your" shall mean Willard McIntosh, his agents, directors, officers, members, as well as any and all attorneys, experts, investigators, or persons acting or purporting to act on his behalf.

**DOCUMENTS AND THINGS TO BE PRODUCED**

1. Any and all communications by and between you and Kathleen Garber.

2. Any and all communications by and between you and Richard Wozniak.

3. Any and all documents that you reviewed or relied upon to express your opinion that Traci Shaw used excessive force as it related to one (1) burst of mace during the riots.

4. Any and all documents that support your position, "officers are not trained to pepper spray people because it is easier to use pepper spray than arrest the people."

5. A copy of your resume.

6. Any and all audio or recordings of your conversations with Richard Wozniak and/or

      Kathleen Garber.

7. Any and all compensation that you received from Richard Wozniak, Kathleen Garber, or the City of Columbus for reviewing video footage from the riots.

8. Any and all communications with anyone else regarding Traci Shaw and use of force by her.

9. Any and all documentation setting forth where you have been declared an expert witness as it relates to use of force.

10. Any and all documentation setting forth depositions you have provided as an expert witness regarding use of force.

11. Any and all documentation whereby you were retained as a use of force expert.