**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|                              |     |                                |
| ---------------------------- | :-: | ------------------------------ |
| Traci Shaw,                  |  :  |                                |
|                              |  :  | **Case No. 2:23-cv-00942**     |
| **Plaintiff,**               |  :  |                                |
| v.                           |  :  | **Judge Graham**               |
|                              |  :  |                                |
| Richard Wozniak, et al.,     |  :  | **Magistrate Judge Deavers**   |
|                              |  :  |                                |
| **Defendants.**              |  :  |                                |

## <u>OPINION & ORDER</u>

This matter is before the Court upon the Defendants' motion for judgment on the pleadings (ECF No. 13), filed August 7, 2023. Defendant City of Columbus seeks judgment on Count 10 of Plaintiff's Complaint (ECF No. 1), which alleges a civil conspiracy under state law as the sole claim against the municipality. Defendant Richard Wozniak also seeks judgment on Count 10 of Plaintiff's Complaint but does not address the remaining nine (9) counts alleged against him therein. For the reasons that follow, Defendants' motion is **DENIED**.

### STANDARD OF REVIEW

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c). The standard applied to motions for judgment on the pleadings is the same standard applicable to motions to dismiss under Rule 12(b)(6). *See Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true

[1]

legal conclusions or unwarranted factual inferences. *Id*. (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

As set forth in Plaintiff's Complaint, the Summer of 2020 was marked by widespread civil unrest in the wake of the murder of George Floyd. Defendant City of Columbus, like many other municipalities at that time, was in a bind. On the one hand, violence against persons and property necessitated active police intervention from officers such as Plaintiff Traci Shaw. On the other hand, in response to the concerns of its citizens precipitating the riots, the City of Columbus vowed to hold police accountable for misconduct. To that end, Defendant Richard Wozniak was hired by the City of Columbus to investigate allegations of police misconduct. Eventually, Defendant Wozniak brought criminal charges against Plaintiff Shaw. Pertinent to the instant motion, Shaw alleges in Count 10 of her Complaint that Wozniak conspired with the City of Columbus to deprive Shaw of her constitutional rights.

[2]

Defendants argue that the intracorporate conspiracy doctrine bars Count 10 of Shaw's Complaint because Defendant Wozniak was an employee of Defendant City of Columbus, and because Defendant Wozniak was acting within the scope of his employment during the relevant period. Shaw argues that Wozniak's actions were outside the scope of his employment, thereby negating the application of the intracorporate conspiracy doctrine.

To prevail on her claim for conspiracy, Shaw must show "that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed in furtherance of the conspiracy that caused the injury." *Jackson v. City of Cleveland*, 925 F.3d 793, 817 (6th Cir. 2019). As an additional hurdle, the intracorporate conspiracy doctrine bars a finding of conspiracy when the alleged conspirators are all members "of the same collective entity," because, under such circumstances, "there are not two separate 'people' to form a conspiracy." *Id.* (quoting *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839–40 (6th Cir. 1994); *cf. Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (identifying municipalities as "persons" for purposes of § 1983). An exception to the intracorporate conspiracy doctrine arises, however, when a defendant is alleged to have acted outside the scope of their employment. *Jackson* 925 F.3d at 819.

In her memorandum contra, Shaw does not identify how Defendant Wozniak acted outside the scope of his employment, but states only that "The Complaint allows this court to draw the reasonable inference that Wozniak acted outside the scope of his authority/employment." Pl.'s Mem. Opp'n 2, ECF No. 16. Indeed, the Complaint sufficiently alleges facts which, taken as true, describe Defendant Wozniak acting outside the scope of his employment. Defendant Wozniak was hired by the City of Columbus "to investigate alleged criminal conduct by Columbus Police Officers." Pl.'s Comp., ¶ 48. However, Shaw alleges that Defendant Wozniak "failed to

investigate" the charges he eventually brought against her, and knowingly filed a false probable cause affidavit. *Id.* at ¶¶ 68-73.

In *Marvaso v. Sanchez*, the Sixth Circuit noted that the alleged falsifying of a fire and origin report would be indisputably outside the scope of employment for a fire marshal. 971 F.3d 599, 607 (6th Cir. 2020). Similarly, for the purposes of deciding the instant motion, the allegation that Defendant Wozniak falsified a probable cause affidavit plausibly describes conduct exceeding the scope of his employment. Pl.'s Comp., ¶¶ 68-73.

Plaintiff Shaw has sufficiently alleged the elements of civil conspiracy as well. In sum, Plaintiff Shaw alleges that Defendant City of Columbus conspired with Defendant Wozniak "to file criminal charges against Plaintiff knowing there was no probable cause to warrant some or all of the changes." *Id.* at ¶ 155. The Defendants are alleged to have done this because they were "succumbing to political pressure" to hold Columbus Police officers accountable after Columbus Mayor Andrew Ginther represented to the public that such legal actions would be forthcoming. *Id.* at ¶ 151. According to Shaw's Complaint, by the time Defendant Wozniak filed the allegedly falsified probable cause affidavit, Defendant City of Columbus had spent over $600,000 investigating allegations of police misconduct, with little to show for it. *Id.* Thus, the Defendants are plausibly alleged to have had (1) a single plan (to bring false charges against Shaw), (2) a shared conspiratorial objective (to ease political pressure to hold officers accountable) to deprive Shaw of her constitutional rights, and (3) committed an overt act in furtherance of the conspiracy (by Wozniak's filing of a false probable cause affidavit).

Based solely on the pleadings before the Court, Shaw's claims pass muster at this early stage. *But see Marvaso*, 971 F.3d at 607 (characterizing movants' arguments as to scope of

[4]

employment as properly raised at summary judgment stage). Therefore, for the reasons stated herein, Defendants' motion for judgment on the pleadings is hereby **DENIED**.


      **IT IS SO ORDERED**.


s/ James L. Graham     
JAMES L. GRAHAM
United States District Judge

DATE: March 11, 2024